1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    EDWARD HARRY CONSTABLE,                    Case No. 25-cv-02066-PCP
     aka BRITTANY H. CONSTABLE
8
            Plaintiff,                          **ORDER OF TRANSFER**
9
            v.
10
     JEFF MCCOMBRE,
11
            Defendant.
12

13

14          Petitioner, a state prisoner at Kern Valley State Prison, in Delano, California, filed a

15   petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner's filing also

16   appears to raise civil rights claims. *See id*. Specifically, Petitioner challenges a conviction from

17   San Joaquin County Superior Court; the conditions of Petitioner's confinement at Kern Valley

18   State Prison, California State Prison – Sacramento, and California State Prison – Stockton; and for

19   an attack that Petitioner suffered in a San Joaquin County courthouse. *See id*. at 3, 4, 6, 9, 10, 20.

20          To the extent Petitioner intends to pursue a habeas action, relief must be sought from the

21   Eastern District of California. Although venue for a habeas action is proper in either the district of

22   confinement or the district of conviction, 28 U.S.C. § 2241(d), petitions challenging a conviction

23   or sentence are preferably heard in the district of conviction, Habeas L.R. 2254-3(b)(1). *See also*

24   *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Because Petitioner challenges a

25   conviction from San Joaquin County, the Eastern District of California is the district of conviction

26   and that District is the appropriate venue for any habeas claims. *See* 28 U.S.C. § 84(b).

27          To the extent Petitioner intends to pursue civil rights claims, relief must be sought from the

28   Eastern District of California. The acts complained of in this lawsuit occurred in the Eastern

United States District Court
Northern District of California

District of California. *See generally* Dkt. No. 1. Venue for any civil rights claims therefore would be proper in the Eastern District of California and not in this one. *See* 28 U.S.C. § 1391(b) (explaining that venue is appropriate in a judicial district where any defendant resides or where the events at issue occurred).

Because the Eastern District of California is the appropriate venue whether the instant action is construed as a habeas petition or as a civil rights lawsuit, this case is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: October 1, 2025

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2